IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DONALD UNNEVER and LYNNE
UNNEVER, Husband and Wife,

      Plaintiffs,

vs.                             No. CIV 14-644 RB/RHS

TOWNSEND FARMS, INC., PURELY
POMEGRANTE, INC., FALLON TRADING
CO., and UNITED JUICE CORP.,

      Defendants.

## MEMORANDUM OPINION AND ORDER

In the spring of 2013, Defendant Townsend Farms packaged and sold a batch of frozen berries that was allegedly contaminated with Hepatitis A.  Plaintiff Donald Unnever was one of several people who contracted Hepatitis A after consuming the frozen berry mix.  Claiming that the Defendants acted negligently and are otherwise strictly liable, Plaintiffs sued for damages in New Mexico state court.  Defendant Purely Pomegranate appears specially, seeking to dismiss the claims against it for lack of personal jurisdiction.  (Doc. 4.)  Purely Pomegranate supplied pomegranates to Townsend Farms, who packaged the mixed berries and sold them to Costco, who shipped the berries and sold them in New Mexico.  Having reviewed the parties' submissions and arguments, the Court **GRANTS** the motion.

## I.      BACKGROUND

After eating berries that were contaminated with Hepatitis A, Plaintiffs sued Townsend Farms, Inc., a berry packager and distributor, and Costco Wholesale Corp., the berry retailer. (Doc. 1-1.)  Plaintiffs brought their complaint in the Second Judicial District for the State of New

Mexico, Bernalillo County.  (*Id.*)  Defendant Townsend Farms identified various corporations who may have supplied the contaminated berries and Plaintiffs amended their complaint to add Purely Pomegranate, Inc., Fallon Trading Co., and United Juice Corporation.  (Doc. 1-8.) Plaintiffs dropped the suit against Costco.  (*Id.*)

Defendant Purely Pomegranate timely removed the action to this Court based on diversity jurisdiction.  (Doc. 1.)  While Plaintiffs are residents of New Mexico, Defendants are residents of Oregon, California, Pennsylvania, and New Jersey.  (Doc. 4.)  A week after removal, Defendant Purely Pomegranate entered a special appearance to dismiss the claims against it for lack of personal jurisdiction.  (Doc. 4.)  Purely Pomegranate, a California corporation, avers that is does not have offices, agents, real estate, or bank accounts in New Mexico.  (Klein Aff. ¶¶ 2-6, Doc. 4-1.)  Because it has no connection to New Mexico, Purely Pomegranate argues that this Court cannot lawfully exercise jurisdiction over it.  (Doc. 4.)  Plaintiffs oppose the motion.  (Doc. 9.)

## II.   DISCUSSION

A court may only exercise authority over a defendant "when the defendant has sufficient contacts with the sovereign [state] 'such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'"  *J. McIntyre Mach., Ltd. v. Nicastro*, 131 S. Ct. 2780, 2787 (2011) (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).  The plaintiff bears the burden of establishing personal jurisdiction.  *Shrader v. Biddinger*, 633 F.3d 1235, 1239 (10th Cir. 2011).  When, as here, a defendant challenges jurisdiction before discovery, a plaintiff can meet its burden by making a prima facie case through the pleadings and affidavits.  *Id.*

This Court takes its jurisdictional cues from New Mexico law, Fed. R. Civ. P. 4(k)(1)(A), and New Mexico has a long-arm statute which authorizes jurisdiction on any basis consistent

with Due Process.  N.M. Stat. Ann. § 38–1–1; s*ee also Tercero v. Roman Catholic Diocese*, 48 P.3d 50, 54 (N.M. 2002).  Plaintiffs do not aver that New Mexico courts can exercise general jurisdiction over Defendant Purely Pomegranate—it does not have the "continuous and systematic general business contacts" to permit generalized jurisdiction in the state.  *See Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408, 414-16 (1984); *Trujillo v. Williams*, 465 F.3d 1210, 1218 n.7 (10th Cir. 2006).  Alternatively, Plaintiffs assert that they may be able to establish the "minimum contacts" which would provide jurisdiction specific to this dispute. Plaintiffs request discovery to establish the necessary facts.  (Doc. 9 at 2-4.)

"[A] defendant's contacts with the forum state must be sufficient such that, notwithstanding its lack of physical presence in the state, the state's exercise of sovereignty over it can be described as fair and just."  *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1070 (10th Cir. 2008).  Generally, only a defendant who "purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws," can be haled into the courts of that state.  *Hanson v. Denckla*, 357 U.S. 235, 253 (1958).  To establish "minimum contacts" sufficient to give this Court authority to exercise personal jurisdiction over Purely Pomegranate, Plaintiffs must show (1):  that the defendant purposefully directed its activities at residents of the New Mexico; (2) that their injuries arose from those purposefully directed activities; and (3) that exercising jurisdiction over Defendant would not offend "traditional notions of fair play and substantial justice."  *See Newsome v. Gallacher*, 722 F.3d 1257, 1264 (10th Cir. 2013) (explaining jurisdictional test).

Defendant avers that it never purposefully directed its activities at the residents of New Mexico.  (Doc. 4 at 8.)  Purely Pomegranate is incorporated and headquartered in California. (Doc. 4-1 ¶ 2.)  The company contracted with Defendant Townsend Farms to ship Turkish

pomegranate arils, or pomegranate kernels, to Townsend Farms in Oregon.  (Doc. 4 at 2.)  Purely Pomegranate did not ship the arils to New Mexico.  (Doc. 4-1 ¶¶ 4, 7.)  Moreover, Purely Pomegranate avers that is has never shipped any products to New Mexico.  (Doc. 4-1 ¶ 4.) Purely Pomegranate did not control nor inquire where Townsend Farms would ship its berries. (Doc. 4-1 ¶ 8; Second Klein Aff. ¶ 4, Doc. 11-2.)  None of Purely Pomegranate's advertising or marketing was conducted in New Mexico.  (Doc. 4-1 ¶ 2.)  In short, Defendant Purely Pomegranate has limited to no connection with the state of New Mexico.

Plaintiffs request discovery to establish the requisite jurisdictional facts.  (Doc. 9 at 2-4.) Specifically, Plaintiffs want to investigate how much of Purely Pomegranate's overall business was with Townsend Farms, what the contract between the Defendants entailed, whether Purely Pomegranate knew where Townsend Farms products were sold, and the extent of Townsend Farm's business in New Mexico. (Doc. 9 at 3-4.)  In its Reply, Defendant Purely Pomegranate voluntarily provided much of the requested information.   (Docs. 11-2, 11-3.)   Purely Pomegranate provided the putative contract consisting of the purchase orders. (Doc. 11-3.)  The president of Purely Pomegranate averred that the Townsend Farms contracts represented less than one-third of his company's business and that New Mexico never came up in business discussions.  (Doc. 11-2 ¶¶ 2, 4, 5.)  This information does not help Plaintiffs establish that Purely Pomegranate purposefully availed itself of the privilege of doing business in New Mexico.

Permitting the Plaintiffs additional discovery would not be beneficial.   The only discovery that Defendant Purely Pomegranate did not provide—indeed could not provide—was the information regarding the extent of Townsend Farm's business in New Mexico.  However, such information could not furnish sufficient contacts to authorize jurisdiction.  First of all, to

satisfy due process, the defendant's actions must create the connection to the state.  *See Walden v. Fiore*, 134 S. Ct. 1115, 1123 (2014) ("[T]he defendant's conduct . . . must form the necessary connection with the forum State . . . ."").  The actions of a third party cannot create the connection.  *See id.* ("[A] defendant's relationship with a plaintiff or third party, standing alone, is an insufficient basis for jurisdiction.").  Second, even if Townsend Farm's market in New Mexico was large enough that Purely Pomegranate could have foreseen its pomegranates making their way here, that fact is still insufficient to satisfy due process.  "[T]he foreseeability that is critical to due process analysis is not the mere likelihood that a product will find its way into the forum State but that the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there."  *Bell Helicopter Textron, Inc. v. Heliqwest Int'l, Ltd.*, 385 F.3d 1291, 1295 (10th Cir. 2004) (quoting *World–Wide Volkswagen Co. v. Woodson*, 444 U.S. 286, 297 (1980)).  Defendant Purely Pomegranate did not conduct its business in New Mexico or with New Mexico in mind.  Thus, it could not have foreseen defending itself in New Mexico's courts.

In sum, Plaintiffs request for jurisdictional discovery is denied because the facts that they allege would not support jurisdiction even if true.  Because Plaintiffs cannot show that Defendant Purely Pomegranate purposefully directed its activities at the residents of New Mexico or has otherwise consented, the Court lacks the authority its exercise jurisdiction over the Defendant.  As a result, the suit against Purely Pomegranate must be dismissed without prejudice.  Plaintiffs' case can proceed without the presence of Defendant Purely Pomegranate.

**THEREFORE**,

**IT IS ORDERED** that Defendant Purely Pomegranate's Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 4) is **GRANTED**.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**